```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                              :
GEORGE B. SMITH,              :
                              :
        Petitioner,           :    Civ. No. 20-11052 (NLH)
                              :
    v.                        :    OPINION
                              :
EUGENE CALDWELL, et al.,      :
                              :
        Respondents.          :
_____:
```

APPEARANCES:

George B. Smith
32448
Cumberland County Correctional Facility
54 W Broad St.
Bridgeton, NJ 08302

   *Petitioner pro se*

Jennifer Webb-McCrae, Cumberland County Prosecutor
Andre R. Araujo, Assistant Prosecutor
Cumberland County Prosecutor's Office
115 Vine St.
Bridgeton, NJ 08302

   *Attorneys for Respondents*


HILLMAN, District Judge

   Petitioner George Smith filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that his pretrial detention was unconstitutional due to the conditions at the Cumberland County Jail and seeking his immediate release as a remedy, ECF No. 1.  Respondent opposed the petition, ECF No. 4.

On January 19, 2022, the Court lifted a stay that had been imposed pending a decision in Brown v. Warren, No. 1:20-cv-7907, ECF No. 7.  The Court also directed Petitioner to file a supplemental brief within 30 days, ECF No. 8.  Petitioner did not submit a supplemental brief or otherwise respond.

The Court issued an Order to Show Cause on September 22, 2022.  ECF No. 9.  It noted that the Cumberland County's Current Inmate List suggested that Petitioner was no longer in custody, which would moot Petitioner's § 2241 petition about his pretrial detention.  Id. (citing http://inmates.bluhorse.com/Default.aspx?ID=CUMB (last visited Oct. 26, 2022)).  On October 4, 2022, Respondents submitted a letter stating that Petitioner "was sentenced on May 3, 2021 and remanded from the Cumberland County Jail to Southern State Correctional Facility."  ECF No. 10 at 1.  "Petitioner was thereafter released on or about March 13, 2022 and is, to Respondent's knowledge, no longer in custody at the Cumberland County Jail or at Southern State Correctional Facility."  Id.  The Court has not received any communication from Petitioner regarding his current address.

District courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court.  Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).  This includes claims that

2

pretrial conditions of confinement violate the Constitution. See Hope v. Warden York County Prison, 972 F.3d 310 (3d Cir. 2020).

Petitioner filed this habeas corpus petition seeking release from allegedly unconstitutional conditions of confinement at the Cumberland County Jail.  Petitioner's sentencing and release from custody moots his § 2241 habeas petition, however.  See Williams v. New Jersey, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it."  Id. (citing Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002)).  The Court will dismiss the petition accordingly.

To the extent a certificate of appealability is required, the Court declines to issue one because reasonable jurists would agree that the petition is moot.  28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order will be entered.


Dated: October 26, 2022         s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

3